## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

MICHAEL K. MATTOX, SR.,

     Plaintiff,

v.                                                                        Case No. 2:21-cv-02016-MSN-tmp

WESTERN MENTAL HEALTH
INSTITUTE,

     Defendant.

_____

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
_____

This cause comes before the Court on the Chief Magistrate Judge's Report and Recommendation, (ECF No. 7), issued on January 19, 2021.  The Report recommends that Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 6), be denied.  (ECF No. 7 at PageID 11.)  Plaintiff filed timely objections to the Report and Recommendation on January 26, 2021.  (ECF No. 8.)  The Court **ADOPTS** the Report and Recommendation and **OVERRULES** Plaintiff's objections.

### Background

On January 6, 2021, Plaintiff filed this *pro se* matter against Western Mental Health Institute alleging that Defendant violated the 1st, 4th, 5th, 8th, 13th, and 14th amendments.  (ECF No. 1 at PageID 1.)  That same day, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 6), as well as a Motion for Discovery.  (ECF No. 2.)

In a prior matter, this Court identified Plaintiff as a "frequent filer of patently meritless lawsuits."  *See Mattox v. All Judges Under United States of America*, 2:19-cv-02542-MSN-dkv,

1

ECF No. 6, at 1–2 (W.D. Tenn. Oct. 11, 2019).  As a consequence, this Court placed pre-filing restrictions on Plaintiff.  *Id.*  Plaintiff must pay the full civil filing fee before commencing suit in this district.  *Id.*

Relying on the Court's prior order, the Chief Magistrate Judge issued his Report recommending that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied and that Plaintiff be required to pay the full civil filing fee before proceeding in this matter.  (ECF No. 7 at PageID 12–13.)  Plaintiff timely filed his objections on January 26, 2021.  (ECF No. 8.) Plaintiff asserts that he has a meritorious case that should be allowed to proceed to trial.  (*Id.* at PageID 14.) He warrants that he would be able to pay the requisite fees once he is victorious.  (*Id.*)

### Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50

F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## Analysis

Plaintiff objects to the Report's recommendation on the ground that he should be able to proceed *in forma pauperis* because he has a meritorious case. (ECF No. 8.) This objection misses the point.

As the Report notes, Plaintiff is a frequent filer of meritless lawsuits and that pre-filing restrictions have been placed on him.[1] (ECF No. 7 at PageID 12.) Plaintiff's objection does not contest the validity of this pre-filing restriction; he instead asks that it be waived because he believes he has a meritorious case. (ECF No. 8 at PageID 14.) The Court takes no position on the

---

1. Since January 1, 2019, Plaintiff has commenced at least eleven (11) civil suits in this district. *See Mattox v. All Judges Under United States of America*, 2:19-cv-02542-MSN-dkv, ECF No. 5, at 8 n. 5 (W.D. Tenn. Sept. 23, 2019) (listing cases).

merits of Plaintiff's case at this juncture.  The Court can make that determination after Plaintiff has paid the full civil filing fee in this matter.

Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's objection.  Plaintiff shall pay the full civil filing fee of $402 within fourteen (14) days of entry of this Order.  Failure to do so will result in this matter being dismissed without further notice.

**IT IS SO ORDERED**, this 22nd day of March, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

4